# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KIMBERLY MALLORY** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 17-cv-5030 |
| | : | |
| **NANCY A. BERRYHILL** | : | |

## ORDER

**AND NOW,** this 25th day of March, 2019, upon careful consideration of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells, and Plaintiff's objections thereto, it is hereby **ORDERED** that:

1. Plaintiff's Objections [Doc. 16] are **OVERRULED.**[1]

---

[1] **Plaintiff objects to the Magistrate Judge's finding that since the Administrative Law Judge ("ALJ") found some of Plaintiff's impairments to be "severe" for purposes of Step Two of the five-step sequential evaluation procedure, there was no need to reconsider the ALJ's conclusion that Plaintiff's mental impairments were not "severe." However, our Court of Appeals has specifically stated that once an ALJ finds in Plaintiff's favor at Step Two by concluding that some of Plaintiff's impairments are "severe," any error in concluding that some of that Plaintiff's other impairments are non-severe is harmless.** *Salles v. Comm'r of Soc. Sec.,* **229 Fed. App. 140, 145 n.2 (3d Cir. 2007);** *Rutherford v. Barnhart,* **399 F. 3d 546, 553 (3d Cir. 2005). In any event, there is substantial evidence in the record to support the ALJ's conclusion that while Plaintiff participated in some mental health counseling and took psychotropic medications, Plaintiff's mental impairment was not "severe." (Tr. 787-824; 1073-1103). In addition, although finding Plaintiff's mental impairments to be nonsevere, the ALJ nevertheless took Plaintiff's mental impairments into account when crafting Plaintiff's residual functional capacity. (Tr. 128) ("Although the claimant's anxiety and depression are nonsevere, I find that the combination of her physical impairments could cause her to be off task, though never more than 10% of a workday in addition to normal breaks.")**

       **Plaintiff also objects to the Magistrate Judge's finding that the ALJ properly used vocational testimony to find that Plaintiff could perform her past relevant work as an administrative clerk as that position is *generally* performed in the national economy as opposed to as the position was *actually* performed by Plaintiff. The Magistrate Judge concluded that "Plaintiff asserts that her hair salon job was a composite job, because the VE testified that the job had elements of being a manager and receptionist. Assuming *ad arguendo* that the VE's testimony does establish that Plaintiff's past hair salon position was a composite job, the ALJ properly utilized the VE to explain how that job is usually performed. See SSR 82-61, 1982 WL 31387, \* 2. Since the ALJ properly determined that Plaintiff could perform her past relevant work as it is generally performed, this court need not determine if he properly determined that she could perform it as she actually did. *See 404.1560(b)(2), 416.960(b)(2).*" (Doc. 15, pp. 9-10). To the extent there is any error in the Magistrate Judge's conclusion, such error is rendered harmless by the fact that the record reveals that that the vocational expert never concluded that her salon job was actually a "composite job." Rather, the vocational expert classified Plaintiff's job at the hair salon as an administrative clerk because Plaintiff testified that she basically sat at the front desk,**

2. The Report and Recommendation [Doc. 15] is **APPROVED and ADOPTED**.
3. The Plaintiff's Request for Review [Doc. 9] is **DENIED**.
4. Judgment is **ENTERED** in favor of Defendant, the Commissioner of the Social Security Administration, and against Plaintiff.
5. The Clerk is **DIRECTED** to mark this case closed.

**BY THE COURT:**


**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**

---

but that she sometimes walked around and did some cleaning. (Tr. 341-342). According to the vocational expert, the position of administrative clerk is semi-skilled, involves light work and specifically has a Dictionary of Occupational Titles ("DOT") code of 219.362-010. Because the vocational expert identified a DOT counterpart to Plaintiff's hair salon position, the position is not a "composite job." *See SSR 82-61, 1982 WL* 31387, at *2 (noting that a composite job entails "significant elements of two or more occupations and, as such, ha[s] no counterpart in the DOT."). Because the position was not a "composite job," the ALJ properly utilized the vocational expert to explain how the job of administrative clerk is generally performed in the national economy. Moreover, even if Plaintiff could not perform her past work as an administrative clerk, the vocational expert identified a number of other light, unskilled jobs she could perform such as a cashier, office helper and housekeeping cleaner (Tr. 344).